### MIKE MARKESON v. STATE.

No. A-2145.    Opinion Filed March 4, 1914.

Appeal from County Court, Comanche County;

H. N. Whalin, Judge.

Mike Markeson, convicted of violating the prohibitory law, appeals. Reversed.

Stevens & Myers, for plaintiff in error.

Chas. West, Atty. Gen., and S. I. McElhoes, Asst. Atty. Gen., for the State.

PER CURIAM. This appeal is prosecuted from a conviction had upon an information which charged that, "Within said county and state, on the 15th day of July, 1913, Mike Markeson, then and there being, did then and there wilfully, and unlawfully, have in his possession intoxicating liquors, to-wit: beer, with the purpose and intent of him the said Mike Markeson, to barter, sell and give away the same, contrary to," etc. To reverse the judgment rendered on the verdict, an appeal is taken. The Attorney General has filed a confession of error herein as follows:

"Comes now the defendant in error and shows to the court that on page 36 of the brief of plaintiff in error is set out specification of error Number 5, as follows: 'The court erred in refusing to sustain the challenge for cause of the plaintiff in error to juror C. L. Bower, after all the peremptory challenges of said plaintiff in error had been exhausted and in permitting said juror under such circumstances to remain on the jury, for that said juror was not at the time of his retention a qualified elector in the precinct in which he resides.' Then follows two paragraphs of comment which show that at the time the juror, C. L. Bower, was sworn and served in this case he was not a qualified elector in any ward or township in Comanche county. Section 3698 Rev. Laws 1910, provides that male citizens residing in this state having the qualifications of electors shall be qualified jurors. It is clear that Bower was not a qualified elector, and we have been unable to find any authority or line of reasoning which would show that he could serve as such juror.

"Believing that error was committed in not sustaining the challenge to this juror, it is our opinion that the cause should be reversed and remanded for a new trial."

We are of opinion that the confession of error is well founded, and should be sustained. The judgment appealed from is, therefore, reversed and the cause remanded.